**FROST et al. v. FROST et al.**

Court of Appeals of Kentucky.

May 23, 1952.

W. D. Gilliam, Scottsville, for appellants.

N. F. Harper, Scottsville, for appellees.

CLAY, Commissioner.

This action was brought to quiet title to oil and mineral rights. The judgment was favorable to appellee, and appellant's mineral deed was cancelled.

On October 9, 1946, appellee's father, who owned several tracts of land, made conveyances to his three sons. He conveyed to appellee in fee simple approximately 104 acres. This deed was recorded on that date.

It appears that two days before, the father had undertaken to convey to appellant, his grandson, certain mineral rights in the same property conveyed to appellee. This deed was lodged for record, but it had not been signed by the grantor. Not until October 17 was it properly executed and recorded. Thereafter appellant was paid oil royalties accruing from operations on the property, until about two years later when appellee notified the oil company of his interest in the land.

It is appellant's theory that appellee acquired knowledge of the former's earlier abortive deed, and that by permitting appellant to collect the oil royalties, he is estopped to now claim that his own deed (though first executed and recorded) gives him a priority of right.

There is no evidence that on October 9, when the conveyance was made to appellee, he had any knowledge that his father had attempted to make a prior conveyance to appellant. He apparently did become aware of this fact sometime later. With this knowledge, he did not assert his right to the oil royalties which were then being paid to appellant. Appellee undertakes to explain this circumstance by saying that he expected the royalties to be paid to his father during the latter's lifetime. It was soon after his father's death that he notified the oil company of his interest in them.

Appellant's own testimony indicates that a controversy was developing between him and appellee over these oil royalties, rather than that the latter was acquiescing in the former's right thereto. At any rate, we are unable to see how appellant could have been misled to his prejudice by the inaction of appellee.

Appellee had the better legal title, and appellant knew or should have known this. As a practical matter, both parties should have settled the question with the grantor during his lifetime. The duty to do so, however, rested upon appellant rather than appellee. The mere failure of the latter to insist upon the payment of oil royalties for two years, in view of his explanation, was not sufficient to estop him from asserting the priority of his own deed. The Chancellor did deny appellee's right to the royalties paid to appellant before notice was given to the oil company.

In our opinion both the facts found and the conclusions reached by the Chancellor were correct.

The judgment is affirmed.